Case 4:12-cv-00877-A   Document 26   Filed 05/24/13   Page 1 of 5   PageID 273

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 24 2013

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JONATHAN FLUHART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-877-A |
| | § | |
| INVENTION SUBMISSION | § | |
| CORPORATION, D/B/A INVENTHELP, | § | |
| D/B/A INPEX, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>AND</u>
<u>ORDER</u>

After having considered the motion for sanctions filed in the above-captioned action on April 15, 2013, by defendant, Invention Submission Corporation, the briefs and appendix filed in support of the motion, the response and objection filed by Norred Law, PLLC[1] in opposition to such motion, and plaintiff's reply brief and supporting appendix, the court, with a degree of reservation, has concluded that such motion should be denied.

Defendant seeks by the motion imposition of sanctions on Norred, counsel for plaintiff, Jonathan Fluhart, under the authority of 28 U.S.C. § 1927 and the holding of the Supreme Court in <u>Chambers v. Nasco</u>, 501 U.S. 32 (1991). Section 1927 provides that:

---

[1] The court is treating the response and objection as having been filed on behalf of counsel for plaintiff, Jonathan Fluhart, and his law firm, Norred Law PLLC, who are the respondents named in defendant's motion for sanctions. They collectively are referred to in this order as "Norred."

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In Chambers, the Supreme Court recognized that courts may award attorney's fees where a person has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. at 45-46.

Section 1927 sanctions are penal in nature. Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1416 (5th Cir. 1994). "[I]n order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed." Id. In imposing § 1927 sanctions, "the offending attorney's multiplication of the proceedings [must be] both unreasonable and vexatious; evidence of recklessness, bad faith, or improper motive must be present." Id. at 14, 16-17 (citation and internal quotation marks omitted). Carelessness and even negligence cannot form the basis for § 1927 sanctions. FDIC v. Connor, 20 F.3d 1376, 1384 (5th Cir. 1994). Moreover, sanctions under § 1927 require "detailed findings to determine whether the requirements of the statute have been met, and which, if any, excess costs, expenses, or attorney's fees were incurred because

2

of [the attorney's] <u>vexatious</u> multiplication of the proceedings. <u>Id.</u> at 1385 (internal quotation marks and brackets omitted).

From a review of the record of this action, including the filings related to the motion for sanctions, the court is inclined to think that counsel for the plaintiff does not have the competence that the court would expect of a member of the bar of this court, and that he failed to exercise the proper degree of care or good judgment in the actions he took on behalf of the plaintiff in this action. However, even if the court were to accept as true all the facts (as opposed to conclusions) alleged by defendant in its motion papers, the court would be unable to find the existence of facts that would make appropriate the imposition of sanctions on Norred under the authority of § 1927 or the inherent authority of the court.

A matter about which defendant expressed particular concern in its motion papers is a message Warren Norred, the attorney of record for plaintiff, sent to an employee of defendant after this action had been dismissed for failure to state a claim, worded as follows:

> Nora,
>
> In case you are not aware yet, the court dismissed without prejudice the case against your organization. This leaves me with the option to refile and replead the case, or just coming to an agreement. I'll suggest

3

>     that they let it go if you will honor the offer you
>     made below.
>
>     Yours,
>     Warren

Mot. and Br., App. at 7.

Defendant complains that not only was counsel for plaintiff engaging in an unauthorized communication to a party known to be represented by counsel, but he also included a false representation in the communication by saying that the dismissal was without prejudice.[2] The court shares defendant's dismay that plaintiff's counsel would transmit such a communication, but the court does not consider that the communication in question was a matter related to the prosecution of this action inasmuch as this action had been dismissed prior to the communication. The circumstances of the communication could well be proper for consideration in any future evaluation of the status of William Norred as a member of the bar of this court. There might well be basis for a finding that Mr. Norred has engaged in conduct unbecoming a member of the bar of this court.

---

[2]The action was dismissed by the grant of the defendant's motion to dismiss because of the failure of plaintiff to state a claim upon which relief could be granted. Such a dismissal is with prejudice.

4

For the reasons given above,

The court ORDERS that defendant's motion for sanctions be, and is hereby, denied.

SIGNED May 24, 2013.

_____
JOHN McBRYDE
United States District Judge